UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD DUBOIS *et al.*,
    *Plaintiffs*,

v.

MARITIMO OFFSHORE PTY LTD *et al.*,
    *Defendants*.

No. 3:15-cv-01114 (JAM)

**ORDER GRANTING IN PART AND DENYING IN PART
MARITIMO USA'S MOTION TO DISMISS**

This case concerning a boat deal gone bad has limped back into port, offloading one piece of judicially-cognizable cargo: claims made against defendant Maritimo USA.[1] Intrepid readers of the Court's prior dispatch from this litigation odyssey, *Dubois v. Maritimo Offshore Pty Ltd.*, 422 F. Supp. 3d 545 (D. Conn. 2019), will recall that the vessel at issue in this case—the *Game Changer*—was built by Maritimo Offshore Pty Ltd, an Australian company, and sold to Richard and Sheila Dubois in a deal allegedly brokered by Edwin Fairbanks and Fairbanks Yacht Group LLC. Michael Flors—who is the Dubois' son—ultimately acquired an equitable interest in the vessel and is the sole remaining plaintiff in the case.

Maritimo USA had previously been something of a ghost ship in this case, not appearing until late 2019 in response to a renewed order of this Court finding it in default. Doc. #189. Having persuaded me not to enter a default judgment against it, Maritimo USA now moves to dismiss all claims against it on two grounds. First, it argues that Flors lacks standing. Second, it argues that the statute of limitations has run on the remaining claims. Although I agree with part

---

[1] Readers may wonder if I have used up all the nautical metaphors in my last ruling in this case. "Nonsense. I am awash in sea-worthy and sea-faring clichés. Full speed ahead." Linda Mullenix, *Carnival Cruise Lines, Inc. v. Shute: The Titanic of Worst Decisions*, 12 NEV. L. J. 549, 550 n. 11 (2012).

1

of Maritimo USA's first argument, I am not able, at this stage of the case, to evaluate the second. I will therefore grant the motion to dismiss in part and deny it in part.

## BACKGROUND

The background in this case has been set forth at length in the Court's prior ruling. *See Dubois*, 422 F. Supp. 3d at 551-555. As relevant here, the operative complaint alleges that Maritimo USA was a manufacturer, builder, seller, and/or repairer of the *Game Changer* and played a part in selling the vessel to Richard and Sheila Dubois, that David Northrop was the general manager and president of Maritimo USA, and that John McCarthy was Maritimo USA's director of product and customer support. Doc. #73 at 2 (¶¶ 4-5).

The complaint sets forth a series of misrepresentations allegedly made by Northrop and McCarthy in their dual capacities as executives of Maritimo USA and as agents for Maritimo Offshore Pty Ltd ("Maritimo Australia"), the vessel's original manufacturer. These representations included statements about the quality of the vessel, warranties about repairs for defects, and assurances that Edwin Fairbanks, another defendant in this action, would perform certain necessary repairs and upgrades to the vessel. *See id*. at 6-8 (¶¶ 24-29). After Fairbanks did not make the requested repairs and upgrades, the complaint alleges that Northrop, again in both his Maritimo USA and Maritimo Australia capacities, promised that Maritimo Australia would do the work to the necessary degree of workmanship, through the good offices of Maritimo USA's employee McCarthy. This promise was also, allegedly, a misrepresentation. *See id*. at 10-13 (¶¶ 48-68).

Against Maritimo USA, the complaint pleads six counts including breach of contract; negligent misrepresentation; breach of express and implied warranties under state common law and the Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq*.; negligence; breach of warranty of

workmanlike performance; and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, *et seq*.

This lawsuit was filed on July 21, 2015. *See* Doc. #1. Initially, the plaintiffs were successful in serving only the Fairbanks defendants (Edwin Fairbanks and his business, Fairbanks Yacht Group LLC). Doc. #7. It was more difficult to serve Maritimo Australia and Maritimo USA. Plaintiffs began by mailing waiver of service packages to Maritimo USA's listed Michigan address in July 2015, Doc. #17-1 at 1, but allegedly learned later that month that the company had mysteriously dissolved and vacated the premises shortly after the lawsuit commenced, *id*. at 4. Subsequent filings indicate that Maritimo USA's dissolution papers were signed by Northrop just three days after the lawsuit was filed. Doc. #80-8 at 1.

In November 2015, plaintiffs filed an affidavit of service as to both Maritimo Australia and Maritimo USA. *See* Doc. #40. The sworn affidavit from a process server declared that he had served McCarthy as corporate representative of both Maritimo Australia and Maritimo USA at a boat show in Florida. Doc. #40. In December 2015, plaintiffs filed a motion for default entry against both Maritimo defendants for failure to appear. Six days later, Maritimo Australia, but not Maritimo USA, entered an appearance and filed an objection disputing the adequacy of service of process. Docs. #49, #52.

In response, the Court entered an order as follows: "ORDER. The motion for default entry (Doc. # 45) is DENIED. Defendant Maritimo Offshore PTY LTD [that is, Maritimo Australia] shall file an answer or other responsive pleading by December 24, 2015." Doc. #55. This order, however, was incomplete. Although Maritimo Australia had appeared in order to dispute the adequacy of service of process, there was no appearance or activity by Maritimo USA in response to the motion for default entry. The lack of any mention of Maritimo USA went

unremarked upon by any party or counsel at the time, and in the meantime Maritimo Australia was served to the satisfaction of all parties pursuant to the Hague Service Convention. Docs. #57, #60.

Three years later, following my entry of an omnibus ruling addressing multiple pending motions and, among other things, dismissing Maritimo Australia from the action, 422 F. Supp. 3d 545, I entered an order *sua sponte* vacating my prior order denying the motion for default entry as to Maritimo USA, explaining that "the Court appears to have overlooked the failure of defendant Maritimo USA to object to the motion for default entry. The Court understands that defendant Maritimo Australia denies any relationship to defendant Maritimo USA. Accordingly, the Court VACATES in part its prior order denying the motion for default entry and GRANTS the motion for default entry as to defendant Maritimo USA only." Doc. #189.

In accordance with the usual two-step process in which the filing and granting of a motion for default entry precedes the filing of a motion for default judgment, *see City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 113, 128 (2d Cir. 2011), plaintiff Flors (who, by this point, was the sole remaining plaintiff in the case) duly filed a motion for default judgment on October 15, 2019, Doc. #191. Maritimo USA appeared ten days later, represented by the same counsel as Maritimo Australia, and objected to entry of default judgment on grounds it had not been timely served with process, claiming, among other things, that the process served on McCarthy was invalid as to Maritimo USA because McCarthy was not an employee or agent of Maritimo USA. Doc. #193.

On December 12, 2019, I vacated the default entry against Maritimo USA and denied Flors' motion for default judgment as moot, concluding in relevant part that "Maritimo USA has demonstrated that its default was not willful, and that its defense on the basis of failure to serve

is not so meritless as to independently justify retaining the default entry." Doc. #198. But I declined "Maritimo USA's suggestion that it dismiss the claims against it *sua sponte*. Maritimo USA may move to dismiss the claims presently pending against it by filing a motion to dismiss . . ." *Ibid*.

Maritimo USA then filed a motion to dismiss on two grounds: that Flors did not have standing and that the statute of limitations barred his claims. Doc. #201. Although Maritimo USA's motion to dismiss does not cite Rule 12 of the Federal Rules of Civil Procedure, its motion is cognizable under Rule 12(b)(1) (lack of subject-matter jurisdiction) and Rule 12(b)(6) (failure to state a claim for which relief can be granted).

## DISCUSSION

The standard that governs a motion to dismiss under Rules 12(b)(1) and 12(b)(6) is well established. A complaint may not survive unless it alleges facts that, taken as true, give rise to plausible grounds to sustain subject-matter jurisdiction and a plaintiff's claims for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F.Supp.3d 153, 155-56 (D. Conn. 2016).

### *Standing*

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. For a federal court to have subject matter jurisdiction over a case, a plaintiff must show that he has "standing"—that is, an injury in fact that was caused by the defendant and for which a court has authority to furnish relief. *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017). "Standing is not dispensed in gross," and "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Ibid*.

In my prior ruling concerning Flors' claims as to all defendants except Maritimo USA, I held that Flors "may not claim standing in his own right based on the harms visited solely upon a corporate entity that he owns or controls," but "the allegations of the complaint and the parties' factual submissions are sufficient to establish at this initial pleading stage that Flors has acquired a partial ownership interest in the boat since the initial purchase." *Dubois*, 422 F. Supp. 3d at 556. I then explained how Flors—as a non-party to any of the contracts concerning the vessel *Game Changer*—lacked standing to pursue a breach of contract claim or a warranty claim for which contractual privity was required (specifically, his common law warranty claim and for his implied warranty claims under the Magnuson-Moss Act), but that Flors had standing to pursue his express warranty claim under the Magnuson-Moss Act, his tort claims for negligence, and his CUTPA claim. *Id.* at 558-560.

My prior ruling is now the law of the case. "The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (cleaned up). Although courts "may depart from the law of the case for cogent or compelling reasons including an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *id*. at 99-100, neither party has discussed any of these considerations in their written submissions. Indeed, at oral argument both parties agreed that the law of the case doctrine applied.

In view of the law of the case doctrine, it is puzzling why Maritimo USA decided to file the motion on these grounds. But accepting Maritimo USA's claim that the motion was a belt-and-suspenders effort to ensure that my prior ruling applied to the newly-appeared Maritimo

USA, I will clarify that my prior ruling applies to the claims against Maritimo USA.[2] Consistent with my prior ruling concerning Flors' standing to bring claims against the other defendants in this case, I will grant Maritimo USA's motion to dismiss as to Flors' breach of contract claim (Count One), common law warranty claims and implied warranty claims under the Magnuson-Moss Act (Counts Four and Seven), but I will deny it as to the express warranty claim under the Magnuson-Moss Act (Count Four), his tort claims for negligence (Counts Three and Six), and his CUTPA claim (Count Eight).

### *Statute of limitations*

Maritimo USA also argues that all the causes of action alleged in this case are barred by the relevant statutes of limitations. Although the limitation periods vary from claim to claim, whether the statute of limitations has run for any of the state law claims turns on whether Maritimo USA was properly served with process in November 2015. That is because for purposes of calculating the timeliness of a state law cause of action, "the Connecticut Supreme Court has long adhered to the rule that only actual service upon the defendant will satisfy the state statutes of limitations." *Converse v. General Motors Corp.*, 893 F.2d 513, 515 (2d Cir. 1990) (citing *Consolidated Motor Lines, Inc. v. M&M Transportation Co.*, 128 Conn. 107, 20 A.2d 621 (1941)). This state law rule for when an action is deemed to have commenced applies to state law claims that are litigated in federal court. *See Converse,* 893 F.2d at 516.[3]

---

[2] Counsel suggested at oral argument that there remained a question about the breach of the warranty of workmanlike performance as alleged in Count Seven, but my prior ruling expressly addressed Count Seven and concluded that Flors may not maintain it as a common law warranty claim. *See Dubois*, 422 F. Supp. 3d at 559.

[3] A federal law claim is deemed to have commenced upon filing of the complaint in court, *see* Fed. R. Civ. P. 3, rather than when it is served upon a party. Accordingly, as to Flors' express warranty claim under the federal Magnuson-Moss Act, it appears that—even assuming a failure of proper service—it would not be time-barred because Maritimo USA was named as a defendant in the federal court complaint that was filed in July 2015. Although the Magnuson-Moss Act does not have its own statute of limitations but "borrows" from the most analogous state law limitations period, *see, e.g., Highway Sales, Inc. v. Blue Bird Corp.*, 559 F.3d 782, 789 n. 6 (8th Cir. 2009), there is authority holding that "a federal court borrowing a state's time period for filing suit brought under federal law should not also borrow the state's time limits for serving the complaint," *S.J. v. Issaquah Sch. Dist.*

Very oddly, however, Maritimo USA has neglected to separately move for dismissal on grounds of insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). It has failed to do so despite the fact that Maritimo USA previously argued insufficient service of process when opposing Flors' motion for default judgment and despite my invitation at that time for Maritimo USA to file a motion to dismiss on these grounds. Docs. #193, #198. Instead, Maritimo USA's motion to dismiss simply asserts and assumes that Maritimo USA was not validly served without showing why this is so or citing any law relevant to the requisites for valid service of process.

When I asked counsel for Maritimo USA at oral argument why Maritimo USA had failed to move to dismiss for failure to serve process, counsel responded that she believed the issue had already been decided in favor of Maritimo USA by means of my order denying Flors' motion for default entry. This response makes no sense: if I had decided the service-of-process issue in favor of Maritimo USA, then the action against Maritimo USA necessarily would have been dismissed, and there would have been no need for Maritimo USA to litigate a motion to dismiss on other grounds as it now seeks to do.

Ordinarily, a party who files a motion to dismiss under any provision of Rule 12 who neglects to specifically move to object to the validity of service of process under Rule 12(b)(5) waives any objection to service of process. *See* Fed. R. Civ. P. 12(h)(1); *Itoba Ltd. v. LEP Grp. PLC*, 930 F. Supp. 36, 41 (D. Conn. 1996). "[I]f a motion is made asserting any of the defenses listed in Rule 12(b), any objection to process must be joined in that motion or it will be deemed waived." Wright & Miller, *Motions to Dismiss—Insufficiency of Process and Service of Process*,

---

*No. 411*, 470 F.3d 1288, 1289 (9th Cir. 2006). Nevertheless, because the parties do not address this point in their submissions, I decline to resolve at this time whether the federal Magnuson-Moss Act claim would be timely regardless of any defect in service of process.

8

5B FED. PRAC. & PROC. CIV. § 1353 (3d ed.) (collecting cases); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2d Cir. 1998) (same).

Nonetheless, I conclude on balance that Maritimo USA has not waived its service-of-process defense. Although Maritimo USA's motion to dismiss inexplicably fails to expressly raise an insufficient-service-of-process defense under Rule 12(b)(5), "to preserve the defense of lack of personal jurisdiction, a defendant need only state the defense in its first responsive filing and need not articulate the defense with any rigorous degree of specificity." *Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002) (Sotomayor, J.). Because Maritimo USA's motion refers at various points to its position that it had not been properly served, I conclude that Flors was adequately put on notice that Maritimo USA would seek to contest the validity of service and this defense has accordingly not been waived.

The upshot is that I cannot now address Maritimo USA's statute-of-limitations argument without deciding the predicate issue of whether Maritimo USA was properly served. The parties' submissions on this motion do not meaningfully address the issue. Moreover, new counsel has recently appeared on behalf of Flors for this action. I find it is appropriate to allow new counsel to assist Flors with responding to any arguments about the issue of adequacy of service of process. Furthermore, in view of the apparent dispute about McCarthy's relationship to Maritimo USA, it is possible that I would need to conduct an evidentiary hearing to resolve a dispute over the sufficiency of service of process. *See, e.g.*, *Weifang Xinli Plastic Prod. Co. v. JBM Trading Inc.*, 553 F. App'x 42, 44 (2d Cir. 2014).

Therefore, I will deny Maritimo USA's motion on statute of limitations grounds without prejudice to a renewed motion seeking dismissal on the following bases: (1) insufficient service of process under Rule 12(b)(5), and (2) statute of limitations under Rule 12(b)(6) to the extent

that such a defense can be resolved on the papers and does not rely solely on an argument about insufficient service of process. Because I have temporarily stayed this action pending referral of the parties for a settlement conference, Maritimo USA shall file any renewed motion to dismiss not prior to June 15, 2020, and not later than July 1, 2020.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Maritimo USA's motion to dismiss (Doc. #201) insofar as the following counts of the complaint are dismissed, as pled against Maritimo USA, without prejudice for lack of standing: Count One (breach of contract) in its entirety and Counts Four and Seven (breach of warranty) to the extent that these counts allege state law claims for breach of express or implied warranty and to the extent that these counts allege a claim for implied warranty under the Magnuson-Moss Act.

Maritimo USA's motion to dismiss is otherwise DENIED without prejudice to renewal not inconsistent with the requirements set out in this opinion. Maritimo USA's letter motion for clarification (Doc. #226) is DENIED as moot in light of this ruling. It is so ordered.

Dated at New Haven this 17th day of April 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge